UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

GINO GEORG GORI

12260 TRAVOIS ROAD
EDEN PRARIE, MN 55347

Social security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–2821

KRISTI LEA GORI

12260 TRAVOIS ROAD
EDEN PRARIE, MN 55347

Social security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–0726

Debtor(s)

Case No: 05–42484 – RJK

Chapter 13 Case

# DISCHARGE OF CHAPTER 13 DEBTOR(S)

It appears that the debtors in the above case duly filed a petition commencing this case under Title 11 of the United States Code on 4/18/05, that an order for relief was entered under Chapter 13, that a plan was filed by the debtor(s) and confirmed by the court, that the trustee has reported or the court has determined that the debtor(s) has completed all payments under the plan.

**IT IS ORDERED:**

1. **Discharge:** The debtors in the above case are discharged from all debts dischargeable under 11 U.S.C. § 1328(a).
2. **Judgments:** Any judgment heretofore or hereafter obtained in any court other than this court is void under 11 U.S.C. § 524(a)(1) to the extent that such judgment is a determination of the personal liability of the debtor(s) with respect to any debt discharged or any debt determined by this court to be discharged by this order.
3. **Injunction:** All creditors are enjoined under 11 U.S.C. § 524(a)(2) from the commencement or continuation of an action, the employment of process, or any act to collect, recover or offset any such debt discharged or judgment voided as a personal liability of the debtor(s).
4. **Notice:** Discharge Hearing The clerk shall provide notice of this order as notice thereof to all creditors and other parties in interest. A hearing for the debtor(s) under 11 U.S.C. § 524(d) regarding the discharge and postpetition agreements will be held on motion of the debtor(s) or other party in interest.
5. **Property:** All property of the estate(s) is vested in the debtor(s) under applicable rules and 11 U.S.C. § 1327(b).

Dated: 5/17/10

Robert J Kressel
United States Bankruptcy Judge

NOTICE OF ENTRY AND FILING ORDER OR JUDGMENT
Filed and docket entry made on May 17, 2010
Lori Vosejpka Clerk, United States Bankruptcy Court
By: reneee Deputy Clerk

**dsc13** 12/01/2007 – hlb

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the persons named as the debtors after the debtors have completed all payments under the chapter 13 plan. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtors a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**